UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMIAH BILLINGSLEY AND NICOLE BILLINGSLEY

CIVIL ACTION

VERSUS

NUMBER 10-352-JJB-SCR

MICHELIN NORTH AMERICA, INC., ET AL

### ORDER TO AMEND NOTICE OF REMOVAL

Defendants Michelin North America, Inc. and Tire Centers, LLC removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.  In the Notice of Removal the defendants alleged that "Tire Centers is a Delaware limited liability company with its principal place of business in Greenville, South Carolina."  However, in their Answer, the defendants alleged that "Tire Centers is a Delaware corporation with its principal place of business in South Carolina..."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it

---

[1] Record document number 1-3, ¶ 1.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendants' jurisdictional allegations regarding defendant Tire Centers are not sufficient to establish diversity jurisdiction.  First, it is not clear whether defendant Tire Centers is a corporation or a limited liability company.  Second, if defendant Tire Centers is a limited liability company, the defendants have not properly alleged facts to establish its citizenship.

Therefore;

IT IS ORDERED that defendants Michelin North America, Inc. and Tire Centers, LLC shall have 14 days to file an amended Notice of Removal which (1) clarifies the organizational form of defendant

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership.  *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

Tire Centers, and (2) if it is a limited liability company, properly alleges the citizenship of defendant Tire Centers.

**Failure to comply with this order so may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, May 21, 2010.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE